UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| LATISHA DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:24-cv-04090-SLD-JEH |
| | ) |
| TYSON FOODS, INC., TYSON FRESH MEATS, DOCTORS OF PHYSICAL THERAPY, JOHN TYSON, SHANE MILLER, and AARON KRAI, | ) |
| | ) |
| Defendants. | ) |

MERIT REVIEW ORDER

On July 2, 2024, the Court dismissed Plaintiff Latisha Davis's Complaint, ECF No. 1, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) but granted her leave to file an amended complaint. July 2, 2024 Order 4, ECF No. 4. Plaintiff subsequently filed a document entitled "Merit Review." *See generally* Document, ECF No. 5. Along with the document, she filed over one hundred pages of exhibits. *See* Exhibits, ECF No. 5-2.

To the extent the document was intended to be an amended complaint, it is DISMISSED for failure to state a claim. The document does not comply with the technical requirements for a complaint. For example, it does not contain a caption with the parties' names as is required by Federal Rule of Civil Procedure 10(a), so it is unclear who Plaintiff is suing and from whom she seeks relief. It also not organized in numbered paragraphs "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Instead, it contains a twenty-five-page narrative of Plaintiff's experiences while employed by Tyson Fresh Meats.

Moreover, it does not contain "a short and plain statement of the claim" showing that Plaintiff is entitled to relief. *Id.* 8(a)(2). While pleadings filed by self-represented plaintiffs must

1

be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the complaint must put the defendants on notice of the claims against them, *see Hahn v. Walsh*, 762 F.3d 617, 632 (7th Cir. 2014) ("[T]he purpose of Rule 8 is to provide a defendant with fair notice of the claims against him."). "[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011); *see Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020) ("If a complaint falls short of [Rule 8(a)(2)'s] requirement, it risks dismissal under Rule 12(b)(6) for 'failure to state a claim upon which relief can be granted.'").

The lack of a caption, the document's narrative structure, and the inclusion of far too much detail renders it impossible to determine what Plaintiff believes is the actionable wrongful conduct and assess whether she has stated a claim for relief against any defendant. The narrative covers events spanning nearly ten years. *See* Document 1[1] (describing an incident from 2013); *id.* at 22 (describing Plaintiff's resignation in 2021). It is unclear whether some of this information is merely background information or if Plaintiff believes each incident described is an actionable wrong.[2] Numerous people are mentioned, including individuals that were not named in the original complaint. And there are references to improper use of intellectual property, as well as references to sexual harassment and other mistreatment.

The Court grants Plaintiff leave to file an amended complaint. But any amended complaint must comply with Federal Rules of Civil Procedure 8 and 10. The amended complaint must contain a caption identifying who Plaintiff is seeking relief from. Factual allegations

---

[1] The Court uses the page numbers generated by CM/ECF because the document is not paginated.
[2] The Court notes that there is a time limit for submitting a charge of employment discrimination, which is a prerequisite to filing suit in federal court. *See* 42 U.S.C. § 2000e-5(e)(1), (f). Thus, which allegations are the basis for any employment discrimination claim will be important for a defendant mounting a defense.

2

should be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Plaintiff should not include every fact that she believes supports her claims and need not provide any evidence. *See* Wright & Miller, Federal Practice & Procedure § 1281 (4th ed. June 2024 Update) ("[A] party need only plead in terms that are sufficient to provide the necessary notice to the opposing party or parties and to satisfy the plausibility standard imposed by the Supreme Court. The evidentiary material supporting these general statements normally should not be set out in the pleadings . . . ." (footnote omitted)). Instead, she must simply identify who she is suing and what each person she is suing did that she claims violated the law, using numbered paragraphs, each relating to a single set of circumstances. Any amended complaint is due by October 31, 2024. Failure to file an amended complaint that complies with this Order will result in dismissal of this case without prejudice for failure to state a claim.

    Entered this 10th day of October, 2024.

                                                                                     s/ Sara Darrow
                                                                                     SARA DARROW
                                                           CHIEF UNITED STATES DISTRICT JUDGE